IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | |
| KENNETH ISAACS. | * | NO: 4:02CR00211-01   SWW |
| | * | |
| | * | |
| | * | |

## ORDER

Before the Court is a letter from Defendant Kenneth Isaacs entitled "Prayer for Sentence Reduction Based on Extraordinary Circumstances."  Docket entry #135.  To the extent that Isaacs seeks compassionate release under 18 U.S.C. § 3582(1)(A), he is notified that such relief is not available unless the Bureau of Prisons moves for a sentence reduction.[1]   Additionally, because Isaacs seeks a reduction of his sentence, the Court finds that his letter is properly construed as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.   The Court recognizes, however, that Isaacs' letter cannot be reclassified as a motion under § 2255 unless two preconditions are met.  *See Morales v. United States*, 304 F.3d 764 (8th Cir. 2002).  First, Isaacs must receive and hereby does receive warning, that (a) federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief, and (b) the statute of

---

[1] Under 18 U.S.C. § 3582(1)(A), a district court may, upon motion of the Director of the Bureau of Prisons, reduce a term of imprisonment, after considering the factors set forth under 18 U.S.C. § 3553, if extraordinary and compelling reasons warrant such a reduction.  In this case, the Bureau of Prisons has not moved for a sentence reduction.

limitations applies to § 2255 motions.[2]  Second, Isaacs must be given an opportunity to either consent to reclassification or to withdraw his motion.

IT IS THEREFORE ORDERED that Defendant shall notify the Court within 30 days from the entry date of this order whether he consents to reclassification of his letter (docket entry #135) entitled "Prayer for Sentence Reduction Based on Extraordinary Circumstances" as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Failure to respond to this order will result in an order denying the relief sought.

IT IS SO ORDERED THIS 11TH DAY OF JUNE, 2009

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[2] The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2255 motions. The limitations period begins to run from the latest of four triggering dates: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.