**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | NO: 4:02CR00211-01   SWW |
| VS. | * | |
| | * | NO:  4:09CV00522 SWW |
| KENNETH ISAACS. | * | |
| | * | |
| | * | |
| | * | |

**ORDER**

Before the Court is Petitioner Kenneth Isaacs' motion to vacate, set aside, or correct his

sentence pursuant to 28 U.S.C. § 2255 (docket entry #135) and the United States' response in

opposition (docket entry #141).   After careful consideration, the Court finds that the motion

should be and hereby is denied.[1]

On September 29, 2003, Isaacs pleaded guilty to conspiring to distribute and possess with

intent to distribute hydromorphone, in violation of 21 U.S.C. § 846.   On May 6, 2004, the Court

sentenced Isaacs to 180 months' imprisonment and 3 months' supervised release.  The Court

sentenced Isaacs as a career offender based on his conviction in the present case, a prior drug

conviction, and a 1995 conviction for escape.

In support of his petition, Isaacs asserts his escape conviction was wrongfully deemed a

crime of violence.  He states: "I did not return from a furlough a scheduled, my poor judgment

---

[1]Because the record conclusively shows that Isaacs is not entitled to relief, the Court
decides his motion without conducting an evidentiary hearing.  *See Engelen v. United States*, 68
F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be
dismissed without a hearing if the petitioner's  allegations, accepted as true, would not entitle the
petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted
by the record, inherently incredible, or conclusions rather than statements of fact).

was my wrong doing and not an act of violence.  I didn't walk away from the halfway house; I

got caught up in freedom and lost [track] of reality."  Docket entry #135, at 1.

At the time of sentencing, Eighth Circuit precedent mandated that "every escape . . .

involves a potential risk of injury to others" and qualifies as a crime of violence pursuant to

U.S.S.G. § 4B1.2.  See *United States v. Nation*, 243 F.3d 467 (8th Cir. 2001).   However, on

January 13, 2009, the United States Supreme Court held that crimes characterized by failure to

present oneself for detention on a specified occasion do not qualify as violent felony under the

Armed Career Criminal Act; thus overruling Eighth Circuit precedent that all escapes, including

failures to return or report to custody are crimes of violence.  *See Chambers v. United States*, ---

U.S. ----129 S.Ct. 687, 691 (2009); *see also United States v. Pearson*, 553 F.3d 1183, 1186 (8th

Cir. 2009).    However, the holding in *Chambers* does not help Isaacs in this case.

The judgment of conviction in this case became final on October 24, 2005, ninety days

after the Eighth Circuit affirmed on direct appeal.  *See Clay v. United States*, 123 S. Ct. 1072,

1076 ("Finality attaches when this Court affirms a conviction on the merits on direct review or

denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")

Accordingly, Isaacs' petition is timely only if the Supreme Court's decision in *Chambers* applies

retroactively.[2]

---

[2]The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations for § 2255 motions.   The limitations period begins to run from the latest of four triggering dates:  (1)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (3) the date on which the constitutional right asserted was initially recognized by  the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could  have been discovered through the exercise of due diligence.   28 U.S.C. § 2255.

In *Teague v. Lane*, 489 U.S. 288, 310 (1989), the Supreme Court held that new constitutional rules of criminal procedure will not be applicable to those cases that have become final before the rules are announced, barring two exceptions: 1) where the rule prohibits criminal punishment for certain types of primary conduct and 2) where the rule is a "watershed" rule of criminal procedure, "without which the likelihood of an accurate conviction is *seriously* diminished." *Id*. at 313.  The first exception is not applicable here.  Furthermore, the "new rule" announced in *Chambers* lacks "watershed" magnitude--it does not protect the innocent from conviction or fundamentally improve the accuracy of the criminal process, but instead limits the sentencing exposure of those who have been validly convicted.  In sum, the Court finds that *Chambers* does not benefit Isaacs in this collateral proceeding.[3]

For the reasons stated, Isaacs' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #135) is DENIED.

IT IS SO ORDERED THIS 7TH  DAY OF JANUARY, 2010.


/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

.

---

[3]Isaacs states that he is in poor health, and it "is slim to bleak" that he will live until his release date.  As stated in the United States' response, while this Court lacks authority to reduce Isaacs' sentence, Isaacs may still pursue administrative remedies within the Bureau of Prisons.