**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| VS. | * | |
| | * | |
| KENNETH ISAACS. | * | NO: 4:02CR00211-01   SWW |
| | * | |
| | * | |
| | * | |

**ORDER**

Before the Court is Defendant Kenneth Isaacs' *pro se* motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (docket entry #152). After careful consideration, and for reasons that follow, the motion will be denied.

On September 29, 2003, Isaacs pleaded guilty to conspiring to distribute and possess with intent to distribute hydromorphone, in violation of 21 U.S.C. § 846. On May 6, 2004, the Court sentenced Isaacs to 180 months' imprisonment and 3 months' supervised release. The Court sentenced Isaacs as a career offender based on his conviction in the present case, a prior drug conviction, and a 1995 conviction for escape.

On May 4, 2009, Isaacs filed a letter entitled "Prayer for Sentence Reduction Based on Extraordinary Circumstances." The Court construed Isaacs' letter as a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 and provide him (1) notice of the consequences of reclassifying his letter as a motion for relief under § 2255 and (2) an opportunity to withdraw his request for relief. At Isaacs' request, the Court reclassified his letter as a motion under § 2255. The Court denied relief under § 2255, and Isaacs appealed. On

June 21, 2010, the Eighth Circuit denied Isaacs' application for a certificate of appealability and dismissed his appeal.

Now before the Court is Isaacs' *pro se* motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Isaacs argues, as he did in support of his motion for a sentence reduction pursuant to § 2255, that his 1995 escape conviction was not based on an act of violence and that the Supreme Court's holding in *Chambers v. United States*, --- U.S. ----, 129 S.Ct. 687, 691 (2009) mandates a sentence reduction.

Title 18 U.S.C. § 3582(c)(2) permits a district court to reduce a term of imprisonment if the sentencing range upon which the term is based is subsequently lowered by the Sentencing Commission. The Sentencing Commission has not lowered any sentencing range applicable to Isaacs, and the Supreme Court's decision in *Chambers* does not amount to a modification of the applicable sentencing range as contemplated under § 3582(c)(2). Even if the holding in *Chambers* could be construed as a *de facto* modification of the applicable sentencing range, as explained in the order denying relief under § 2255, this Court has no authority to apply it retroactively.

IT IS THEREFORE ORDERED that Defendant's motion for sentence modification (docket entry #152) is DENIED.

IT IS SO ORDERED THIS 20TH DAY OF AUGUST, 2010.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE